```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

|                          |   |                        |
|--------------------------|---|------------------------|
| TARA GLASS,              | : |                        |
|                          | : | Civ. No. 19-16271 (RMB) |
|             Petitioner,  | : |                        |
|                          | : |                        |
|        v.                | : | **OPINION**            |
|                          | : |                        |
| UNITED STATES OF AMERICA,| : |                        |
|                          | : |                        |
|             Respondent   | : |                        |

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Mot. to Vacate, ECF No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence, and the judge must promptly examine it. "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition and direct the clerk to notify the moving party." Rule 4(b). For the reasons discussed below, the Court dismisses the motion without prejudice.

I.   BACKGROUND

On November 20, 2012, this Court entered judgment against Petitioner after she pled guilty to violating 21 U.S.C. § 841(a) and (b)(1)(B), distribution and possession with intent to distribute 5 grams or more of methamphetamine. United States v. Glass, 12cr542(RMB) (D.N.J.) (Judgment, ECF No. 32.) The Court sentenced Petitioner to a 24-month term of imprisonment, and a five-year term of supervised release. (Id.)

On March 11, 2019, the Court entered judgment for violation of supervised release, and sentenced Petitioner to a three-month term of imprisonment, a 54-month term of supervised release and special conditions of supervised release. Id. (Judgment, ECF No. 65.) On April 10, 2019, Petitioner filed a Notice of Appeal in the Third Circuit Court of Appeals. (Not. of Appeal, ECF No. 66.) Petitioner filed the present motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on August 5, 2019.

II.  DISCUSSION

Petitioner acknowledges that her direct appeal is pending in the Third Circuit. (Petr's Brief, ECF No. 1-1 at 3.) "[A] collateral attack is generally inappropriate if the possibility of further direct review remains open." Kapral v. U.S., 166 F.3d 565, 570 (3d Cir. 1999). This is because the disposition of the appeal may render a writ of habeas corpus unnecessary. Id. (citing Feldman v. Henman, 815 F.2d 1318, 1320-21 (9th Cir. 1987)); see Norman v.

Levi, 305 F. App'x 820, 821 (3d. Cir. 2009) (per curiam) (finding § 2255 motion would have been subject to dismissal as premature if filed prior to sentencing and direct appeal); accord Bartok v. Warden Loretto FCI, 609 F. App'x 707, 710 (3d Cir. 2015) (per curiam).

III. CONCLUSION

For the reasons discussed above, Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is dismissed without prejudice because it is premature.

An appropriate Order follows.


Dated: September 25, 2019

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**